IN the MATTER of Arkansas Bar Applicant Charity ELMER

99-59                                                984 S.W.2d 448

Supreme Court of Arkansas
Opinion delivered January 28, 1999

*Charity Elmer*, movant.

P ER CURIAM. Movant Charity Elmer, who desires to be considered an applicant for the February 1999 Arkansas Bar Exam, moves this court to waive the strict enforcement of Regulation 5, which was adopted by the Board of Law Examiners and approved by this court pursuant to Rule I of the Rules Governing Admission to the Bar. Regulation 5 reads:

> The application required by these rules shall be in the office of the Secretary of the State Board of Law Examiners no later than 5:00 p.m. on the date that is determined by the provision of Rule X.

The deadline for applications for the February 1999 Arkansas Bar Exam was December 28, 1998, at 5:00 p.m. The application was delivered the morning of December 29, 1998.

The movant shows this court that on December 23, 1998, she completed Federal Express paperwork to have her application sent from Springfield, Missouri, to Little Rock via overnight priority mail. By mistake, a secretary in the movant's law firm where she was working sent the application via interoffice Federal Express to the law firm's Kansas City office. The mistake was not realized until the morning of December 28, 1998. The movant then talked to the secretary of the Board of Law Examiners in Little Rock, who advised that the application must be in by 5:00 p.m. that day. She made arrangements to send the application by U.S. Airways to Little Rock, which would have met the deadline. However, the courier service which delivered the application to U.S. Airways in Kansas City failed to complete a security-release form. Because of that lapse, the application was rejected for that flight. When the movant realized this, she again talked to the secretary of the Board and advised him that she could arrange for the application to be delivered to his office by 6:30 p.m. He told her that that would be too late. Because of his response, she sent the application by next-day priority mail, and it was delivered the morning of December 29, 1998.

While the checkered history of the application represents a combination of snafus and mistakes, we have fixed a deadline which this court maintains is absolute. In doing so, we have

made a considered judgment that a strict cutoff is preferable to a case-by-case determination by the secretary of the Board or by this court of what circumstances amount to substantial compliance with the five o'clock rule. To the extent the secretary of the Board has deviated from this standard in the past by even a few minutes, this is unacceptable. The five o'clock deadline is conclusive of what constitutes a timely or late filing. This is analogous to the five o'clock rule which we have adopted for documents filed in the Supreme Court Clerk's office. *See* Ark. Sup. Ct. R. 1-4.

Motion denied.

ARNOLD, C.J., and THORNTON, J., would grant.